**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

KYLE PALMATEER,

        Petitioner,

v.                                                      Case No. 16-13567

CARMEN PALMER,

        Respondent.

_____/

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR DISMISSAL [Dkt. #10],**
**DISMISSING THE HABEAS PETITION [Dkt. #1], AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This matter is before the court on Petitioner Kyle Palmateer's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 and Respondent Carmen Palmer's motion for dismissal of the petition. The habeas petition challenges Petitioner's convictions for assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. Respondent urges the court to dismiss the petition on the basis that Petitioner did not file his petition within the applicable statute of limitations. The court agrees that the petition is time-barred. Accordingly, Respondent's motion will be granted, and the petition will be dismissed.

## I. BACKGROUND

Petitioner was charged in Genesee County, Michigan with several crimes that arose from an assault on James Molisani. Petitioner, through counsel, provided the following brief summary of the facts during post-conviction proceedings:

> Complainant James Molisani was assaulted by four assailants on Friday, August 31, 2007. A Flint police officer, while on routine patrol, found Mr. Molisani lying in the middle of Lapeer Road. He saw a white male and a black male running from the scene. After attending to Mr. Molisani, who was unable to describe his assailants, the officer chased and arrested Terrell Carpenter. Carpenter thereafter told the police that he, Kyle Palmateer and Kory Gross had assaulted Mr. Molisani.
>
> Kyle Palmateer was arrested and charged on September 30, 2007 with committing: robbery armed, assault with intent to rob while armed, conspiracy to robbery-armed, assault with intent to murder, assault with intent to do great bodily harm less than murder and felony firearm. At the preliminary examination, Complainant Molisani identified defendant Palmateer as one of the individuals who had assaulted him on August 31, 2007.

Brief Supporting Relief from Judgment-Motion, pp. 3-4 (Dkt. #10-2, Page ID 155-56) (citations to the record omitted).[1]

On April 17, 2008, Petitioner pleaded no contest in Genesee County Circuit Court to assault with intent to rob while armed and felony firearm. In return, the prosecutor dismissed the other charges. On May 13, 2008, the trial court sentenced Petitioner to prison for twelve to twenty years for the assault conviction and two years for the felony-firearm conviction. Petitioner did not pursue a direct appeal from his convictions and sentence.

On March 23, 2009, Mr. Molisani signed an affidavit in which he stated that Petitioner was not one of the individuals who assaulted him on August 31, 2007, and that his identification of Petitioner at the preliminary examination was erroneous. *See* Pet. for Writ of Habeas Corpus, Ex. C (Dkt. #1, Page ID 63-65).

---

[1] The trial court's docket indicates that Petitioner was charged with only five counts: armed robbery, assault with intent to rob while armed, conspiracy to commit armed robbery, assault with intent to do great bodily harm less than murder, and felony firearm. *See* Genesee Cty. Register of Actions (Dkt. #10-3, Page ID 164).

On October 20, 2009, Petitioner filed a motion for relief from judgment in the state trial court. His ground for relief was that he pleaded no contest because he thought there was no way he could win at trial. He also pointed out that the complainant had signed an affidavit swearing that Petitioner was not one of the people who had assaulted him.

The trial court denied Petitioner's motion on the basis that Petitioner's claim of innocence was absurd and that Petitioner's newly discovered evidence had no support in the record before the court. In reaching these conclusions, the court stated that Petitioner

> must have now simply forgotten that Molisani, a man over twice his age, was set upon by plan, [was] beaten within an inch of his life, . . . was in a coma for months, and generally identified his assailants. Defendant must have now forgotten that one of his own co-defendants testified against him at [the] preliminary examination, in innocence-crushing detail, about a plan to rob someone, the measures taken, and the actual assault and robbery. Defendant's pathetic attempt to say he was afraid to go to trial (darn right; he should have been afraid to go to trial) because of counsel's inaction is [a] transparent [and] pathetic attempt to shift the blame for his wrongdoing.

*People v. Palmateer*, No. 07-21903-FC, Op. and Order Denying Mot. for Relief from J. (Genesee Cty. Cir. Ct. June 7, 2010).

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal. On December 28, 2011, the Michigan Supreme Court also denied leave to appeal, stating that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Palmateer*, 806 N.W.2d 527 (Mich. 2011).

On February 14, 2013, Terell[2] Carpenter signed an affidavit in which he stated that the identification he gave of Petitioner was erroneous and that Petitioner was not one of the individuals who assaulted Mr. Molisani with him on August 31, 2007. Carpenter also averred that the statement he gave to the officer on August 31, 2007 was untrue. *See* Pet. for Writ of Habeas Corpus, Ex. D (Dkt. #1, Page ID 66-67).

On January 29, 2014, Petitioner filed a second motion for relief from judgment in which he argued that he was entitled to an evidentiary hearing due to Carpenter's recanting affidavit. The trial court denied Petitioner's motion on the basis that Carpenter's affidavit was suspect and, therefore, Petitioner was not entitled to the relief he sought. *See id.*, Ex. B (Dkt. #1, Page ID 60-62).

The Michigan Court of Appeals denied Petitioner's subsequent application for leave to appeal. The Court of Appeals stated that Michigan Court Rule 6.502(G)(1) "prohibits a defendant from appealing the denial of a successive motion for relief from judgment" and that Petitioner's "claim of newly discovered evidence [was] unavailing." *See People v. Palmateer*, No. 323480 (Mich. Ct. App. November 21, 2014). On September 29, 2015, the Michigan Supreme Court denied leave to appeal under Michigan Court Rule 6.508(D). *See People v. Palmateer*, 869 N.W.2d 569 (Mich. 2015).

On September 8, 2016, Petitioner signed his habeas petition. The petition is post-marked September 29, 2016, and the Clerk of the Court filed the petition on October 3, 2016. Petitioner alleges as grounds for relief that: (1) he is entitled to withdraw his plea on the basis of newly discovered evidence; (2) his trial attorney was

---

[2] Although Mr. Carpenter's first name was spelled "Terrell" in Petitioner's motion for relief from judgment, he spells it "Terell" in his affidavit.

4

ineffective for failing to (a) investigate the complainant and co-defendant, (b) give reasonable advice regarding the plea offer, and (c) move to suppress the complainant's identification; (3) appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal or in petitioner's first motion for relief from judgment; (4) he was denied his right to a fair and impartial decision-maker; and (5) the trial court abused its discretion when it denied his successive post-conviction motion without assessing whether the newly-discovered evidence would have made a different result probable if presented to a jury at trial.

As noted above, Respondent asserts that the petition is untimely. Petitioner replies that his petition is timely because it was filed within one year of the Michigan Supreme Court's decision on September 29, 2015. Petitioner also contends that he is entitled to have his claims heard on the merits because he is actually innocent of the crimes for which he is incarcerated.

## II. ANALYSIS

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (citing 28 U.S.C. § 2244(d)(1)), *cert. denied sub nom. Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

## B. Application

### 1. 28 U.S.C. § 2244(d)(1)(A)

"AEDPA generally requires a federal habeas petition to be filed within one year of the date on which the judgment became final by the conclusion of direct review." *Kholi*, 562 U.S. at 549 (citing 28 U.S.C. § 2244(d)(1)(A)). "Direct review" concludes, for purposes of § 2244(d)(1)(A), when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"— when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

6

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Petitioner was sentenced on May 13, 2008, and at the time, the deadline for filing a delayed appeal from a conviction was one year after entry of the judgment. *See* Mich. Ct. 7.205(G)(3) and the Staff Comment to the June 2011 Amendment.[3] Because Petitioner did not pursue a direct appeal, his convictions became final on May 13, 2009, when the one-year deadline for pursuing a direct appeal expired. *Gonzalez*, 565 U.S. at 150. The statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted for 159 days until October 20, 2009, when Petitioner filed his first motion for relief from judgment.

The filing of the post-conviction motion tolled the limitations period for the entire time that the motion was under consideration in state court. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). On December 28, 2011, the state courts concluded their review of Petitioner's motion, and on December 29, 2011, the limitations period resumed running. At that point, Petitioner had 206 days, that is, until July 21, 2012, to file his habeas petition.[4]

Petitioner did not file his habeas petition until September of 2016, more than four years after the limitations period expired. Although he did file a second motion for relief from judgment during the interim, the motion did not revive or restart the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v.*

---

[3] The current deadline for filing a late appeal in the Michigan Court of Appeals is six months from entry of a final judgment or order, Mich. Ct. R. 7.205(G)(3), but in 2008, the deadline was twelve months. *See* the Staff Comment to the June 2011 Amendment of the rule (stating that "[t]he [2011] amendment of MCR 7.205 reduces the late appeal period from 12 months to 6 months").

[4] February 2012 had 29 days because it was a leap year.

*Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259. Thus, the petition is untimely under § 2244(d)(1)(A).

### 2. Delayed Starts under 28 U.S.C. §§ 2244 (D)(1)(B)-(D)

As noted above, the limitations period can run from a date other than the date on which the petitioner's convictions became final. But Petitioner has not alleged that some state action prevented him from filing a timely habeas petition, and he is not relying on a newly recognized constitutional right. *Cf.* 28 U.S.C. § 2244(d)(1)(B) and (C).

Petitioner does purport to have newly discovered evidence, and the statute of limitations can run from the date on which the factual predicate for the petitioner's claims "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The question under § 2244(d)(1)(D)

> is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care. Habeas claimants invoking this provision shoulder the burden of proving that they exercised due diligence.

*Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (internal citation omitted).

The new evidence in this case consists of Mr. Molisani's affidavit, which was signed on March 23, 2009, and Terell Carpenter's affidavit, which was signed almost four years later on February 14, 2013. Petitioner acquired Mr. Molisani's affidavit before his convictions became final, and even if the limitations period did not begin to run until February 14, 2013, when Carpenter signed his affidavit, the petition is untimely.

8

Petitioner waited eleven and a half months – until January 29, 2014 – to raise the issue of Carpenter's recantation in the state trial court. The state courts subsequently concluded their review of Petitioner's post-conviction motion on September 29, 2015. Petitioner then waited another eleven and a half months – until September 8, 2016 – before he filed his habeas petition.

Under § 2244(d)(1)(D), the limitations period ran a total of twenty-three months: eleven and a half months after Petitioner could have exercised due diligence and discovered Carpenter's recantation and another eleven and a months after the state courts concluded their review of Petitioner's motion about Carpenter's affidavit. Because the limitations period ran more than a year, the habeas petition is untimely even under a generous reading of the law.

### C. Equitable Tolling

The Supreme Court has held that the habeas statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner was not diligent in pursuing his rights, and even though he claims that he lacked knowledge of the law, effective assistance of counsel, and court documents at some point during the state-court proceedings, these circumstances do not qualify as "extraordinary circumstances." *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (stating that, "[g]enerally, to qualify as 'extraordinary circumstances,' the petitioner

must show more than just his status as pro se or his limited access to a law library");

*Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 464 (6th Cir. 2012) (noting that the prisoner's "*pro se* status and lack of knowledge of the law [were] not sufficient to constitute an extraordinary circumstance and to excuse his late filing"); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (stating that, "[s]tanding alone, . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling"). The court, therefore, concludes that no extraordinary circumstance prevented Petitioner from pursuing his claims in a timely manner and that he is not entitled to equitable tolling of the limitations period.

### D. Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the Supreme Court has cautioned

> that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To be credible, a claim of actual innocence requires the petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The actual-innocence exception should "remain rare" and be applied in only "the extraordinary case." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (citing *Schlup*, 513 U.S. at 321).

10

Petitioner's assertions of actual innocence are based on the affidavits of Mr. Molisani and Terell Carpenter, but neither witness's affidavit is new reliable evidence of actual innocence. After Mr. Molisani signed his affidavit, he "supplied a witnessed letter indicating [that] he was prompted, cajoled and bribed into signing the affidavit." *People v. Palmateer*, No. 07-21903-FC (Genesee Cty. Cir. Ct. June 7, 2010) (DKt. #1, Page ID 74).

As for Carpenter, he testified at Petitioner's preliminary examination "in defense-asphyxiating detail just who did the assaulting and robbing," *id.*, and he signed his recanting affidavit years later. Affidavits collected long after a conviction to prove a petitioner's innocence must "be treated with a fair degree of skepticism," *Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring), and even "extreme suspicion." *Williams v. Coyle*, 260 F.3d 684, 708 (6th Cir. 2001) (quoting *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)).

Furthermore, at most, the recanting affidavits would provide impeachment evidence. Newly discovered impeachment evidence "is a step removed from evidence pertaining to the crime itself," and provides no basis for a finding of actual innocence. *Calderon v. Thompson,* 523 U.S. 538, 563 (1998); *accord Sawyer v. Whitley,* 505 U.S. 333, 349 (1992) (stating that "latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of [the] petitioner's actions"); *In Re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001) (stating that the petitioner's renewed attacks on a trial witness's credibility did not provide proof of actual innocence).

To conclude, Petitioner has not supplied the court with new reliable evidence that was not presented at trial; this is not the kind of "rare" and "extraordinary" case that warrants equitable tolling of the statute of limitations. Consequently, Petitioner is not entitled to pass through the "actual innocence" gateway and have his claims heard on the merits.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability under § 2253(c)(2), a habeas petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 US. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

When, as here, a district court rejects a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. In this case, the court concludes that reasonable jurists could not disagree with the court's procedural ruling; nor could reasonable jurists conclude that the issues deserve encouragement to proceed further.

## IV.  CONCLUSION

For the reasons given above, the habeas petition is time-barred, and Petitioner is not entitled to equitable tolling of the limitations period or substantive review of his claims pursuant to his assertion of actual innocence.  Accordingly,

IT IS ORDERED THAT Respondent's motion for dismissal of the petition (Dkt. #10) is GRANTED.

IT IS FURTHER ORDERED that the habeas petition (Dkt. #1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 28, 2018, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522